```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


MARVETTE L. BURNS                                     PLAINTIFF

VS.                         CIVIL ACTION NO. 3:07cv330TSL-JCS

JUNIOR ACHIEVEMENT OF MISSISSIPPI,
INC.                                                  DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the plaintiff Marvette L. Burns' objection to the bill of costs of defendant Junior Achievement of Mississippi. In particular, she objects to the following:

(1) $350 fees of the clerk for removal of the case, for the reason that the case was properly filed in state court and could have been adjudicated there;

(2) $2,592.70 in fees for the court reporter, on the basis that these fees were not for the case transcript but for a transcript of depositions; and

(3) $1,100.00 of the deposition fees (which is included in the $2,592.70 court reporter's charge) on the basis that this amount was for videotaping and hence not necessarily obtained for use in the case.

Plaintiff's objection is well taken as to the $1,100.00 charge for videotaping depositions. See Mota v. Univ. of Texas Houston Health Science Ctr., 261 F.3d 512, 529 (5th Cir. 2001)

(observing that "[t]here is no provision for videotapes of depositions," and holding that the cost of videotaped depositions is not recoverable under § 1920). Plaintiff's objection to the cost of the transcript of her deposition is without merit. See Card v. State Farm Fire and Cas. Co., 126 F.R.D. 658, 660 (N.D. Miss. 1989), aff'd, 902 F.2d 957 (5th Cir. 199) (holding that, in a removed case, the removal filing fee paid by the removing party may be taxed as part of costs); Verdin v. Autozone TX, L.P., Civil Action No. B-05-280, 2007 WL 4260913, 2 (S.D. Tex. Dec. 3, 2007) (awarding cost of transcript of the plaintiff's deposition as it was not only reasonable to expect that the plaintiff's deposition may be used in preparation for trial, but the defendant "actually relied on Plaintiff's deposition transcript as evidence in support of their motion for summary judgment").

Plaintiff has also objected to $329.70 for the transcripts of Shiela Thibodeaux and Judy Reagan. This item of cost will be disallowed in light of defendant's failure to respond to this objection and to demonstrate that these transcripts were necessarily obtained for use in the case.

Accordingly, it is ordered that plaintiff's objection to defendant's bill of cost is well taken in part; and it is ordered that defendant is entitled to recover a total of $1,513.00 in

costs from plaintiff.

    SO ORDERED this 28th day of August, 2008.

                                               /s/ Tom S. Lee  
                                               UNITED STATES DISTRICT JUDGE